UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

May 20, 2021

Stephen G. Console, Esq.
Katherine Charbonnier Oeltjen, Esq.
Console Mattiacci Law, LLC
110 Marter Avenue, Suite 105
Moorestown, NJ 08057
*Counsel for Plaintiff*

John Michael Nolan, III, Esq.
Stephanie Jill Peet, Esq.
Michael D. Ridenour, Esq.
Jackson Lewis, P.C.
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *Lloyd-Bragg v. Axis Insurance Co. et al.*, No. 20-8559 (SDW) (AME)

Counsel:

Before this Court is Defendants Axis Insurance Company ("AIC") and Axis Specialty U.S. Services, Incorporated's ("Axis Specialty") (together, "Defendants") Partial Motion to Dismiss Plaintiff Joanne Lloyd-Bragg's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and their request to Stay Discovery pending the instant Motion. (D.E. 28.) This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' Partial Motion is **DENIED**.

### I. BACKGROUND & PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and summarizes only those facts necessary to decide the Motion. When Plaintiff filed her Amended Complaint in December 2020, she was a fifty-five-year-old insurance executive who had been employed for approximately seventeen years by Defendants. (D.E. 22 ¶ 1.) Plaintiff avers that Defendants offer various insurance products as subsidiaries of "Axis Capital

Holdings Ltd" ("Axis Capital"), and operate under the Axis Capital umbrella. (*Id.* ¶¶ 6, 31.) Defendants allegedly failed to compensate Plaintiff equal to their male employees of the same or higher rank. (*Id.* ¶ 1; *see id.* ¶¶ 42–43, 70–72.) Plaintiff voiced concerns regarding the purported compensation disparity, as well as lost promotional opportunities and sex discrimination in late September 2019 to her direct report. (*Id.* ¶¶ 84, 87–88.) Defendants allegedly retaliated against Plaintiff in a variety of ways, such as by removing a high-profile investment line from her portfolio and declining to promote her as promised. (*Id.* ¶¶ 1, 89–94, 102–03.) Plaintiff maintains that Defendants simultaneously prioritized the hiring and advancement of younger individuals with less experience to "'push out' or diminish several of her colleagues in their fifties." (*Id.* ¶ 1; *see id.* ¶¶ 53, 55, 64.)

On December 13, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), lodging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 *et seq.*[1] (*Id.* ¶¶ 24, 110.) In March 2020, Plaintiff took a medical leave of absence from her employment due to the stress and anxiety allegedly caused by Defendants' conduct. (*Id.* ¶ 121.) On April 2, 2020, Plaintiff filed a second Charge of Discrimination asserting the same causes of action. (*Id.* ¶ 25; *id.* at 40 (Ex. 2).) The EEOC subsequently issued a dismissal and notice of right to sue as to Plaintiff's first and second Charge of Discrimination on June 29, 2020, and September 30, 2020, respectively. (*Id.* ¶¶ 27–28.)

Thereafter, on December 29, 2020, Plaintiff filed an Amended Complaint in this Court, bringing claims for age and sex discrimination, retaliation, and hostile work environment pursuant to Title VII (Count I), the ADEA (Count II), and the NJLAD (Count III). (*Id.* ¶¶ 134–49.) Defendants moved to dismiss, and all briefs were timely filed.[2] (D.E. 28-1, 32, 33, 36.)

## II. <u>STANDARD OF REVIEW</u>

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."

---

[1] Plaintiff also included claims under the Equal Pay Act, 29 U.S.C. § 206, *et seq.* and the New Jersey Equal Pay Act, N.J.S.A. § 34:11-56.1, *et seq.* (D.E. 22 at 34 (Ex. 1), 40 (Ex. 2).) These causes of action, however, are not raised in the Amended Complaint. (*See generally* D.E. 22.)

[2] This Court permitted Plaintiff to file a sur-reply in further support of her opposition. (D.E. 35.) Defendants' subsequent motion for leave to file a sur-reply was denied. (D.E. 43.)

*Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. DISCUSSION
#### A. Employer Liability

First, Defendants contend that AIC should be dismissed from this action because Plaintiff's allegations regarding her employment by AIC, as opposed to Axis Specialty, are conclusory and fail to support either the integrated enterprise or joint employer theories of liability. (D.E. 28-1 at 1, 7.) This Court disagrees. The Third Circuit has stated that the integrated enterprise theory "rests on the degree of operational entanglement—whether operations of the companies are so united that nominal employees of one company are treated interchangeably with those of another." *Plaso v. IJKG, LLC*, 553 F. App'x 199, 206 (3d Cir. 2014) (quoting *Nesbit v. Gears Unltd., Inc.*, 347 F.3d 72, 87 (3d Cir. 2003)). Factors central to the inquiry include: "(1) the unity of ownership, management, and business functions; (2) whether the entities present themselves as a single entity to third parties; (3) whether the parent company indemnifies the expenses or losses of its subsidiary; and (4) whether one entity does business exclusively with the other." *Id.* (citing Nesbit, 347 F.3d at 87); *see also Nat'l Labor Relations Bd. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122 (3d Cir. 1982) (outlining factors under the single employer doctrine).

As a preliminary matter, Defendants' suggestion that "Axis Insurance," as described in the Amended Complaint, refers to an entity other than "Axis Insurance Company" is disingenuous. (*Compare* D.E. 28-1 at 8, 13 n.3, *with* D.E. 22 ¶ 13(b) (alleging that "Defendants collectively and individually do busines as 'Axis Insurance[]'") *and* ¶ 13(f) (claiming that Defendants' press releases and marketing materials "refer to Defendants as part of a common enterprise of 'Axis Insurance'").) On a motion to dismiss, it is fair for this Court to infer that references to "Axis Insurance" are synonymous with defendant "Axis Insurance Company." (*See* D.E. 32 at 1 n.1.) Thus, in combination with additional allegations discussed below, this Court finds that the purported facts are adequate to sustain Plaintiff's claims against Defendants under the integrated enterprise theory at this stage of the litigation.

Here, Plaintiff avers that both Defendants operated as wholly owned subsidiaries of the parent company Axis Capital (D.E. 22 ¶¶ 6, 31; *see id.* ¶¶ 8(b), 53(ii)), and that the website "www.axiscapital.com" lists information on both Defendants and Axis Capital "as part of a single, overall enterprise." (*Id.* ¶ 13(g).) Indeed, the pleading contains various allegations regarding Defendants' consolidated operations, which support the assertion that they "acted as a single employer." (*Id.* ¶ 11.) For example, Plaintiff maintains that Defendants shared their common (i) leadership, (ii) principal place of business, (iii) logo, (iv) marketing materials, and (v) internal documents such as employee handbooks, policies, and conditions of employment. (*Id.* ¶¶ 13(a), 13(c)–(e).) As specifically related to Plaintiff, she alleges that (i) her paychecks and tax documentation were issued by Axis Specialty; (ii) her annual performance reviews were conducted by AIC and Axis Capital; and (iii) her direct and second-level supervisors are held out as employees of AIC, particularly in press releases to investors. (D.E. 22 ¶ 8(a)–(c).) In addition, at Defendants' instruction, Plaintiff listed herself as "'Vice Present' [of] 'Axis Insurance'" in her

electronic signature and routinely held herself out as an employee of AIC. (*Id.* ¶¶ 9–10.) Collectively, these allegations are sufficient to meet the integrated enterprise theory at this juncture. *See, e.g.*, *Saalim v. Dycom Indus., Inc.*, No. 07-2822, 2007 WL 2746841, at *2 (D.N.J. Sept. 18, 2007) (holding that before discovery, "it is much too early to conclude that there is no employer-employee relationship").[3]

### B. Statute of Limitations

Next, Defendants contend that Plaintiff's federal claims are subject to dismissal to the extent they are based on events that occurred before February 16, 2019—300 days prior to the filing of her first Charge of Discrimination with the EEOC on December 13, 2019. (D.E. 28-1 at 15, 18–21 (arguing that all allegations prior to ¶ 80 are time-barred under Title VII and the ADEA).) Similarly, Defendants assert that Plaintiff's NJLAD claim should be dismissed, specifically as to allegations that occurred two years before she filed her original complaint on July 9, 2020. (*Id.* at 15, 18–21 (arguing that all allegations prior to ¶ 74 are time-barred under the NJLAD).) Importantly, Defendants do not seek dismissal of Plaintiff's claims in their entirety; rather, they seek to limit the scope of information that ultimately may or may not bolster the causes of action. This Court declines to parse the allegations as Defendants suggest.

Relevant here, Plaintiff's opposition confirms the various bases for her Title VII, ADEA, and NJLAD claims, and narrows the applicable timeframe to 2019. (D.E. 32 at 3 (demotion, August 2019; failure to promote, July and September 2019; hostile work environment, following Plaintiff's internal complaints in 2019).) Although Plaintiff does not confine her disparate pay claim to a specific timeframe and provides various anecdotes regarding male employees' higher compensation throughout her tenure (*see generally* D.E. 22), she recites an encounter with a male employee from April 2019 in which he revealed his base salary. (*Id.* ¶ 70.) Plaintiff further alleges that this male employee had a "diminished portfolio of responsibility" but "was paid substantially more than Plaintiff [ ] for less work." (*Id.* ¶ 71.) Thus, even assuming Defendants properly calculate the applicable statute of limitations, *see Richards v. Johnson & Johnson, Incorporated*, Plaintiff's claims survive. No. 05-3663, 2009 WL 1562952, at *8 (D.N.J. June 2, 2009).

Moreover, after nearly two decades of employment with Defendants, Plaintiff's allegations that fall outside of the purported limitations period are properly included in the Amended Complaint as background evidence in support of her timely claims. *See, e.g.*, *Titus-Morris v. Banc of Am. Card Servicing Corp.*, 512 F. App'x 213, 217 (3d Cir. 2013) (stating that plaintiff "may

---

[3] *See also Simon v. Shore Cab, LLC*, No. 13-6290, 2014 WL 2777103, at *4 (D.N.J. June 19, 2014) (noting that "when the employment relationship is ambiguous or uncertain, such a fact-intensive analysis is essential, and the plaintiff's claims should not be dismissed at the pleading stage."); *accord Anderson v. Finley Catering Co.*, 218 F. Supp. 3d 417, 423 (E.D. Pa. 2016) (citing *Hartman v. Chestnut Hill College*, No. 00-1400, 2000 WL 1016655, at *1–2 (E.D. Pa. July 7, 2000)); *Zauderer v. Lumbermens Mut. Cas. Co.*, No. 05-1241, 2005 WL 8174978, at *5 (D.N.J. Nov. 16, 2005).

Although Plaintiff need only satisfy one theory of employer liability to survive Defendants' motion to dismiss, this Court also finds that the allegations noted above plausibly allege joint employer liability, which exists "when two entities exercise significant control over the same employees." *Plaso v. IJKG, LLC*, 553 F. App'x. 199, 204 (3d Cir. 2014) (outlining factors for joint employer liability); *see also Graves v. Lowery*, 117 F.3d 723, 727 (3d Cir. 1997); *Suri v. Foxx*, 69 F. Supp. 3d 467, 477 (D.N.J. 2014).

cite those discrete occurrences as background evidence in support of her timely claim that her eventual termination constituted unlawful discrimination under Title VII") (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)); *Richards*, 2009 WL 1562952, at *10; *accord Washington-Morris v. Bucks Cty. Transp.*, Inc., No. 17-3631, 2018 WL 2021081, at *5 (E.D. Pa. May 1, 2018). Accordingly, Defendants' arguments on equitable tolling and the continuing violations doctrine are not considered.

## IV. CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss Plaintiff's Complaint is **DENIED**.[4] An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Andre M. Espinosa, U.S.M.J.
Parties

---

[4] Defendants' request to stay discovery pending resolution of the instant Motion is denied as moot. (*See* D.E. 28-1 at 21–22.)